# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.K.**

**No. 19-0084** (Kanawha County 18-JA-525)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# MEMORANDUM DECISION

Petitioner Father D.K., by counsel Alan L. Pritt, appeals the Circuit Court of Kanawha County's December 20, 2018, order terminating his parental, custodial, and guardianship rights to K.K.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Paul K. Reese, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights without granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2018, the DHHR filed an abuse and neglect petition that alleged petitioner had been arrested for numerous crimes allegedly committed during July of 2018. First, petitioner was alleged to have traveled to Lincoln County, West Virginia, to pick up a seventeen-year-old child that was later reported missing by her family. The DHHR alleged that petitioner knew the child's age before meeting her. According to the petition, when police found the child with petitioner, she "had been with [petitioner] for several days before reaching out to a friend for help and giving the friend her exact location." In another incident, K.K.'s mother "reported [to law enforcement] that [petitioner] was under the influence of methamphetamine, would not let [the m]other and [K.K.] leave the residence, and had a loaded firearm." It was not until police arrived

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

at the home that petitioner permitted the mother and child to leave. Additionally, when petitioner's mother contacted the police to obtain items taken from petitioner, he "could be heard in the background threatening to kill any law enforcement officers who came to his home." Petitioner was arrested as a result of these incidents. Upon his release, the DHHR alleged that petitioner "went on a 'bender'" during which he stole a vehicle and was "on the run from law enforcement" while armed. Petitioner was arrested again as a result of this conduct. Based on his actions, the DHHR alleged that petitioner engaged in "extreme maltreatment" of the child.

The parties appeared for a preliminary hearing in September of 2018, and petitioner waived his right to that hearing. Before adjourning, the circuit court ordered petitioner, who testified that he was unemployed at that time but possessed an active paramedic license, to pay $400 per month in child support. Petitioner did not object to this ruling. At an adjudicatory hearing in October of 2018, the circuit court found that petitioner abused and neglected the child by virtue of his drug use and issues with domestic violence.

At a dispositional hearing in December of 2018, petitioner presented evidence and argument in support of his motion for an improvement period. Petitioner testified to the steps he had taken to correct the conditions of abuse and neglect, such as obtaining treatment for substance abuse. He further testified that he would participate in additional services designed to remedy the abuse and neglect, such as therapy and life skills classes. However, in response to questions concerning future use of a computer to further inappropriate relations, petitioner "replied he did not have that problem." He further "denied ever being found in possession of a firearm." Based on the evidence, the circuit court found that petitioner "failed to accept responsibility for the domestic violence" and was "unable to understand the seriousness and consequences of his actions." Further, in regard to efforts to correct the conditions of abuse and neglect, the circuit court found that petitioner "does not sufficiently recognize, nor is he capable of undertaking, those steps." Ultimately, the circuit court found that "[t]he circumstances of this case are so aggravating that [petitioner] cannot improve." Accordingly, the circuit court terminated petitioner's rights to the child. The circuit court further found that petitioner's "child support obligation of four hundred dollars . . . per month, *as ordered earlier in these proceedings*, will continue." (Emphasis added). From the dispositional transcript, it is clear that when the circuit court ordered that "[a]ll child support obligations will continue," petitioner raised no objection.[2] It is from the dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

---

[2]On appeal, petitioner also sets forth an assignment of error alleging that the circuit court erred in attributing to him income that was unavailable when calculating his child support obligation. As noted above, in the two instances the circuit court ruled on this issue, petitioner failed to object to this award or otherwise raise the issue he now raises on appeal. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, this argument will not be addressed on appeal.

[3]The permanency plan for the child is to remain in the custody of the nonabusing mother.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that he was entitled to an improvement period because he voluntarily participated in services designed to correct the issues of abuse and neglect and established he was likely to fully participate in an improvement period. The record, however, does not support petitioner's argument.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); syl. pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period.'" *In re: Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). Petitioner failed to satisfy this burden.

Although the circuit court recognized that petitioner acknowledged certain aspects of his conduct, it found that he failed to fully acknowledge his abuse and neglect and its impact on the child. As the circuit court found, petitioner's actions constituted "extreme circumstances" that included violence, firearms, domestic violence, and substance abuse. Based on petitioner's testimony, the circuit court found that he failed "to accept responsibility for the domestic violence." This included petitioner calling into question the veracity of a statement an eyewitness to petitioner's domestic violence gave to law enforcement and his assertion that he "really was never found in possession of a firearm." Further, due to petitioner's extreme conduct, the circuit court found that petitioner did not "sufficiently recognize, nor [was] he capable of undertaking," the steps necessary to remedy the problems that necessitated the petition's filing.

This Court has previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. at 217, 599 S.E.2d at 640). While it is true that petitioner testified extensively that he recognized the issues of abuse and neglect in this matter and wished to correct them, the circuit court made a credibility determination and, in conjunction with the other evidence offered, ultimately found that petitioner's testimony did not amount to a true acknowledgment of the underlying problems. As this Court has held, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, it is clear that the circuit court did not err in denying petitioner an improvement period.

Further, the record is clear that the circuit court did not err in terminating petitioner's parental rights. On appeal, petitioner argues that the circuit court's finding that there was no reasonable likelihood that he could correct the conditions of abuse in the near future was erroneous. In support of this argument, petitioner relies on the same assertions that he set forth in support of his argument that denial of an improvement period was error. As noted above, these arguments are not compelling.

Pursuant to West Virginia Code § 49-4-604(c), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because he did not "sufficiently recognize, nor is he capable of undertaking" the steps necessary to remedy the issues. Additionally, the circuit court found that "[t]he circumstances of [petitioner's] case are so aggravating [petitioner] cannot improve." As such, it is clear that the circuit court was presented with sufficient evidence upon which to find there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of his parental, custodial, and guardianship rights was in the child's best interests. According to West Virginia Code § 49-4-604(b)(6), circuit courts may terminate these rights upon such findings. Further, this Court has held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given the evidence set forth above, it is clear that the circuit court did not err in terminating petitioner's parental, custodial, and guardianship rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 20, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison